UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW W. CHISHOLM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1212-JAR |
| | ) | |
| MARTY CANCILA DODGE, | ) | |
| CHRYSLER, JEEP, RAM, a fictitious | ) | |
| name doing business as a Missouri | ) | |
| Corporation FLORISSANT DODGE | ) | |
| SALES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| LONNIE A. HANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1213-CDP |
| | ) | |
| MARTY CANCILA DODGE, | ) | |
| CHRYSLER, JEEP, RAM, a fictitious | ) | |
| name doing business as a Missouri | ) | |
| Corporation FLORISSANT DODGE | ) | |
| SALES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RAYMOND J. SCHAEFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1215-TCM |
| | ) | |
| MARTY CANCILA DODGE, | ) | |
| CHRYSLER, JEEP, RAM, a fictitious | ) | |
| name doing business as a Missouri | ) | |
| Corporation FLORISSANT DODGE | ) | |
| SALES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant Florissant Dodge Sales, Inc. to consolidate this action with *Lonnie A. Haney v. Florissant Dodge Sales, Inc*., Case No. 4:13-cv-1213-CDP and *Raymond J. Schaefer v. Florissant Dodge Sales, Inc*., Case No. 4:13-cv-1215-TCM for purposes of discovery. [ECF No. 7] Plaintiffs do not oppose consolidation. (See, 4:13-cv-1212, Doc. No. 12; 4:13-cv-1213, Doc. No. 15; 4:13-cv-1215, Doc. No. 16) Because these cases involve related factual and legal issues, the motion will be granted.

Federal Rule of Civil Procedure 42(a) provides that this Court may consolidate separate actions when those "actions involv[e] a common question of law or fact." Fed.R.Civ.P. 42(a). The party moving for consolidation bears the burden "to establish that consolidation would promote trial convenience and economy in administration." S.E.C. v. Gerhardt, 2007 WL 3144990, at *3 (E.D.Mo. Oct. 24, 2007) (quoting Criswell v. City of O'Fallon, MO, 2007 WL 2669114 at *1 (E.D.Mo. Sept. 6, 2007)). Plaintiffs are represented in these cases by the same counsel, as is Defendant. Mr. Chisholm and Mr. Schaefer both allege they were terminated on October 5, 2012 in violation of various federal employment discrimination laws because of their age, race, gender, disability and in retaliation for engaging in protected activities. Similarly, Mr. Haney alleges he was terminated on July 18, 2012 in violation of various federal employment discrimination laws because of his age, race, gender, disability and in retaliation for engaging in protected activities. The three Complaints are almost identical. Because the three above-styled cases present common questions of law and fact, the Court finds that consolidation for purposes of discovery will promote convenience and judicial economy in administration. Therefore, the Court will grant Defendant's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Consolidate [7] will be **GRANTED**.

**IT IS FURTHER ORDERED** that the following cases shall be consolidated for purposes of discovery: *Lonnie A. Haney v. Florissant Dodge Sales, Inc*., Case No. 4:13-cv-1213-CDP, *Raymond J. Schaefer v. Florissant Dodge Sales, Inc*., Case No. 4:13-cv-1215-TCM, and *Andrew W. Chisholm v. Florissant Dodge Sales, Inc*., Case No. 4:13-cv-1212-JAR. All further submissions related to discovery or scheduling shall be filed in *Andrew W. Chisholm v. Florissant Dodge Sales, Inc*., Case No. 4:13-cv-1212-JAR. Any motions relating to pleadings or summary judgment shall be filed in the individual cases.

**IT IS FURTHER ORDERED** that a scheduling conference with counsel in all three of these cases is set for **Wednesday, October 23, 2013 at 9:30 a.m.** in the chambers of the undersigned.

**Meeting of Counsel**: In advance of the conference, the parties shall meet to discuss the following:

- the formulation of a discovery plan,

- any issues relating to preserving discoverable information,

- any issues relating to disclosure or discovery of electronically stored information, including–

    (i) the form or forms in which it should be produced,

    (ii) the topics for such discovery and the time period for which such discovery will be sought,

    (iii) the various sources of such information within a party's control that should be searched for electronically stored information,

(iv) whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information,

(v) the parties must ensure that their clients preserve electronic discovery materials prior to the Rule 16 Conference, and

(vi) counsel shall address at the Rule 16 Conference potential electronic discovery and whether a specific agreement or order must be entered on that issue.

- any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order, and

- other topics listed below or in Fed.R.Civ.P. 16 and 26(f).

Only one proposed scheduling plan may be submitted, and it must be signed by counsel for all parties. It will be the responsibility of counsel for the plaintiff to actually submit the joint proposed scheduling plan to the Court. If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

**Joint Proposed Scheduling Plan:** No later than **October 16, 2013**, counsel shall file a joint proposed scheduling plan for discovery in the case of *Andrew W. Chisholm v. Florissant Dodge Sales, Inc.*, 4:13-cv-1212-JAR only. The parties' joint proposed scheduling plan for discovery shall include:

(i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

(ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

(iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed.R.Civ.P. 26(a)(1),

(iv) whether discovery should be conducted in phases or limited to certain issues,

(v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

(vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed.R.Civ.P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed.R.Civ.P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

(vii) whether any physical or mental examinations of parties will be requested pursuant to Fed.R.Civ.P. 35, and if so, by what date that request will be made and the date the examination will be completed,

(viii) a date by which all discovery will be completed within the range of a Track 2: standard assignment.

(ix) any other matters pertinent to the completion of discovery in this case.

**IT IS FURTHER ORDERED** that once discovery is completed, a scheduling order relating to dispositive motions and trial dates for each case will be set by the Judge assigned the case.

Dated this 13th day of September, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE